# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVARIS ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GHOST HOUSE PICTURES HOLDINGS, LLC, a Delaware limited liability company, HORROR ENTERTAINMENT, LLC, a Delaware limited liability company and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV-10-9498-JHN (MANx)<br><br>PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on March 1, 2011, the terms of the Protective Order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 1(a), 4, 5(j), 6(i), 10 and 12 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorney's Eyes Only,"

or other designation(s) used by parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorney's Eyes Only," or other designation(s) used by parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorney's Eyes Only," or other designation(s) used by parties, does not – **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** – constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only

the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1. In connection with responding to discovery requests in this Action, any party or non-party to this Action ("Designating Party") shall have the right to designate as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the terms of this Protective Order any document containing Confidential information or Highly Confidential – Attorney's Eyes Only information, or information derived therefrom, that is produced pursuant to a discovery request, subpoena or court order.

   a. "Confidential" information is information that the Designating Party reasonably believes **in good faith** (1) to be proprietary information, confidential business information, and/or trade secrets relating to its business, and/or information in which the Designating Party or a third party has a privacy interest, and/or (2) is protected from disclosure under applicable law.

   b. "Highly Confidential – Attorney's Eyes Only" information is "Confidential" information that the Designating Party reasonably believes in good faith to be highly confidential and/or proprietary in nature such that the disclosure of such information to the other party or parties would create a substantial risk of serious injury that could not be avoided by less restrictive means.

///

///

1. 2. Confidential or Highly Confidential information shall be designated with the legends "Confidential" or "Highly Confidential – Attorney's Eyes Only" at the time of production. Inadvertent failure to designate a document as "Confidential" or "Highly Confidential – Attorney's Eyes Only" may be corrected by supplemental written notice given as soon as practical.

3. If any information or material designated to be Confidential or Highly Confidential pursuant to this Protective Order is used during the course of a deposition in this Action, or if any Confidential or Highly Confidential information is disclosed during a deposition in this Action, that portion of the deposition record shall be stamped or marked "Confidential" or "Highly Confidential – Attorney's Eyes Only" and bound separately. Access to such deposition materials shall be limited pursuant to the terms of this Protective Order.

4. Witnesses or counsel at a deposition in this action shall invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential – Attorney's Eyes Only." No person shall attend portions of the depositions designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" unless such person is**, pursuant to Paragraphs 5 and/or 6,** an authorized recipient of the confidential information under the terms of this Protective Order.

5. Any material designated "Confidential", and copies thereof, and the information contained therein, shall be made available to and inspected by the following persons only:

    a. Parties or employees of such Parties for use in relation to this litigation only;

    b. Counsel for the Parties, or employees of such counsel to whom it is necessary that the Confidential or Highly Confidential information be shown or disclosed for the purpose of this litigation;

    c. Non-employee, independent consultants, and/or non-employee,

independent experts working directly on this litigation at the request or at the direction of counsel;

   d.  Representatives of a Party's insurance carrier;

   e.  Witnesses at a deposition in this Action;

   f.  A court reporter transcribing and/or an outside person translating at a deposition in this Action;

   g.  The stated author or recipient of the materials;

   h.  Such persons **to whom** the undersigned counsel shall consent in writing before the proposed disclosure;

   i.  Outside copying or imaging services assisting counsel in this Action; and

   j.  The Court**, its personnel,** and **jurors**, as necessary for purposes of **motions, settlement conferences, and trial**.

 6. Any material designated "Highly Confidential – Attorney's Eyes Only" and copies thereof, and the information contained therein, shall be made available to and inspected by the following persons only:

   a.  Counsel for the Parties, or employees of such counsel to whom it is necessary that the Confidential or Highly Confidential information be shown or disclosed for the purpose of this litigation;

   b.  Non-employee, independent consultants and/or non-employee, independent experts working directly on this litigation at the request or at the direction of counsel;

   c.  Representatives of a Party's insurance carrier;

   d.  Witnesses at a deposition in this Action;

   e.  A court reporter transcribing and/or an outside person translating at a deposition in this Action;

   f.  The stated author or recipient of the materials;

   g.  Such persons **to whom** the undersigned counsel shall consent in

writing before the proposed disclosure;

  h. Outside copying or imaging services assisting counsel in this Action; and

  i. The Court, **its personnel,** and **jurors**, as necessary for purposes of **motions, settlement conferences, and trial**.

 7. Any party seeking to disclose materials and/or information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to this Protective Order to any person falling within subparagraphs 5(c), 5(f), 5(h), 5(i), 6(b), 6(e), 6(g), and 6(h) shall inform such persons, or counsel for such persons, of this Protective Order and shall request that such persons execute a copy of Exhibit A. The persons shall agree in writing to be bound by the terms of this Stipulated Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential or Highly Confidential information) in advance of being shown the Confidential and/or Highly Confidential information and/or materials.

 8. All **persons** receiving or given access to materials and/or information **designated** "Confidential" or "Highly Confidential – Attorney's Eyes Only" in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing this Protective Order and remedying any violations thereof.

 9. Inadvertent production of materials and/or information designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall not constitute a waiver of the Designating Party's right to designate such material "Confidential" and/or **"Highly Confidential** – Attorneys' Eyes Only," provided, however, that the Designating Party shall notify all other parties to this action of such inadvertent production no later than the first time the Designating Party knows of its receipt by any other party to this action. If documents and/or materials are inadvertently produced without being marked as "Confidential" or "Highly Confidential –

Attorney's Eyes Only," such documents and/or materials shall be treated as confidential pursuant to the terms of this Protective Order only from the time that the Designating Party advises all Parties of such designation. No party shall have any liability under the terms of this Protective Order for the disclosure of such inadvertently produced information and/or materials prior to the designation of such material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by the Designating Party.

10. If, at any time, counsel for any party (the "Objecting Party") claims that the Designating Party has unreasonably designated information or documents produced herein as "Confidential" or "Highly Confidential – Attorney's Eyes Only," the Objecting Party shall specifically identify such material (by Bates stamp number, if available), and shall state the reasons for the objections. Within ten calendar days from the Designating Party's receipt of that objection, the Parties shall reasonably and in good faith attempt an informal resolution of each disputed designation of material or category of material.

If the Parties are unable to resolve their dispute informally, the Designating Party shall, within ten calendar days from the date of the Parties' meet and confer, make an appropriate motion to the Court requesting that specifically identified materials be allowed continued protection under the provisions of this Protective Order. **The burden of establishing that documents and/or materials have been properly designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall be upon the Designating Party at all times.**

The disputed material shall remain confidential pending resolution of each issue presented by the application, petition, or motion. If no such motion is made, the material will be deemed not to be confidential and will not be subject to the provisions of this Protective Order.

11. Within ninety (90) calendar days after the final disposition of this action, all materials and/or information designated "Confidential" **or** "Highly Confidential –

Attorney's Eyes Only" produced by a party or non-party (including, without limitation, any copies, extracts or summaries thereof) shall be delivered to counsel for the Producing Party or, at the option of counsel for the Producing Party, shall be destroyed by the parties to whom the materials and/or information designated "Confidential" **or** "Highly Confidential – Attorney's Eyes Only" was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such materials (including, without limitation, any copies, extracts or summaries thereof) **have** been returned or destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, and/or deposition transcripts and videotapes which attach, contain, or refer to any Confidential Material and**/or** **Highly Confidential** – Attorneys' Eyes Only Material (including, without limitation, any copies, extracts or summaries thereof), but only to the extent necessary to preserve a litigation file with respect to this Action.

12. If any party should desire to include any Confidential Material and/or **Highly Confidential** – Attorney's Eyes Only Material in any papers filed with the Court, that party shall first either:

    a. obtain either the agreement of the Designating Party or an order of Court that such papers and the materials and/or information designated "Confidential" and/or "Highly Confidential – Attorney's Eyes Only" are not actually: (i) proprietary information, confidential business information, and/or trade secrets relating to the Designating Party's business; (ii) information in which any party or any non-parties have a privacy interest; and/or (iii) subject to protection from disclosure under applicable law; or

    b. **file an application, in accordance with the requirements of Local Civil Rule 79-5 and providing the requisite showing, based on competent evidence, of "good cause" or "compelling reasons," for a Court order** allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule

5.2(d).

13. If another person, court or administrative agency subpoenas or orders the production of materials and/or information designated "Confidential" and/or "Highly Confidential – Attorney's Eyes Only" that a party has obtained under the terms of this Protective Order, such party shall promptly give notice to the Designating Party of the pendency of the subpoena or order. If the Designating Party timely seeks a protective order, then the party to which the subpoena or other compulsory process was issued or served shall not produce the confidential material called for prior to receiving a court order or the consent of the Designating Party.

14. This **Protective** Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court. The Court shall have continuing jurisdiction to modify, amend, or rescind this **Protective** Order notwithstanding the termination of this action.

**IT IS SO ORDERED.**

Dated: May 6, 2011

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, have read and am familiar with the terms of the annexed Protective Order entered on May 6, 2011, in the action entitled *Novaris Entertainment, LLC v. Ghost House Pictures Holdings, LLC, et al.*, Case No. CV-10-9498-JHN (MANx), which is currently pending in the U.S. District Court for the Central District of California. I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order.

I hereby consent to the jurisdiction of the Court of the Central District of California, and to the application of California and federal law for the purpose of enforcing the Protective Order.

Executed on _____, 2011 in the City of _____, State of California.

_____
(Signature)

_____
(Printed Name)